

Skip to Main Content Logout My Account Search Menu New    Civil Probate Family Search Refine Search   Back     Location : Santa Fe County    Images Help

# REGISTER OF ACTIONS

## CASE NO. D-101-CV-2013-02549

| | | | |
|---|---|---|---|
| **BEAU J MUSACCO v. Dr. Mark Elliot Walden, et. al.** | § | Case Type: | **Tort** |
| | § | Date Filed: | **09/26/2013** |
| | § | Location: | **Santa Fe County** |
| | § | Judicial Officer: | **Ortiz, Raymond Z.** |
| | § | | |
| | § | | |

### PARTY INFORMATION

**Attorneys**

| | | |
|---|---|---|
| Defendant | **Aragon, Capt. Phillip** | |
| Defendant | **BRAVO, ERASMO** | Male Unavailable |
| Defendant | **Corizon** | |
| Defendant | **Marcantel, Gregg** | |
| Defendant | **Rael, Corrections Officer** | |
| Defendant | **Roark, Jerry** | |
| Defendant | **Sena, Corrections Officer** | |
| Defendant | **The GEO Group** | |
| Defendant | **ULIBARRI, ROBERT** | Male |
| Defendant | **Walden, Dr. Mark Elliot** | |
| Plaintiff | **MUSACCO, BEAU J** | Pro Se |

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 09/26/2013 | **Cause Of Actions** | Tort: Personal Injury Non Auto |
| | Filed By: | MUSACCO, BEAU J |
| | Action Type | Action |
| 09/26/2013 | **OPN: COMPLAINT** | |
| | *Complaint (Tort Claim)* | |
| 09/26/2013 | **INDIGENCY DETERMINATION** | |
| | *Application for Free Process and Affidavit of Indigency* | |
| 09/26/2013 | **ORD: FOR FREE PROCESS** | |
| | *Order on Application for Free Process (granted)* | |
| 09/26/2013 | **MTN: TO APPOINT ATTORNEY** | |
| | *Motion for Appointment of Counsel* | |
| 10/02/2013 | **ORD: ORDER DENYING** | |
| | *order denying appointment of attorney* | |

Page:_____

First Judicial District Court                                    (Original Copy)
State of New Mexico
County of Santa Fe

FILED
FIRST JUDICIAL
DISTRICT COURT

Beau Musacco,                     2013 SEP 25 AM 9:30 - D 101 CV 2013 02549
Plantiff,

v.

                                                    Complaint
Dr. Mark Elliot Walden,                            (Tort Claim)
Secretary of Corrections Gregg Marcantel,
Director of Adult Prisons Jerry Roark,
Warden Erasmo Bravo,
Deputy Warden Robert Ulibarri,
The Geo Group,
Corizon (Medical Corporation),
Acting Grievance Officer Captain Phillip Aragon,
Corrections Officer (FNU) Rael,
Corrections Officer (FNU) Sena, individually and in their official capacities.
Defendant(s)

## I - NATURE OF ACTION

1. This is a Tort Claim Suit authorized by New Mexico Tort Claim Act, Chapter
41 N.M.S.A. by a corrections department prisoner who seeks damages for the
following;

a) Violation of Plantiffs Eighth (8th) Amendment Rights (United States),
that **HAS** amounted to CRUEL and UNUSUAL PUNISHMENT, PAIN and
SUFFERING, SEXUAL ASSAULT, NEGLEGENCE, and DELIBERATE
INDIFFERENCE, By: (1) CONDUCTING AN UNLAWFUL and UNJUST-
IFIED INTRUSIVE EXAMINATION, (2) FONDLING PLANTIFFS
PENIS and TESTICLES EXTENSIVELY with NO JUSTIFICATION,
(3) IMPROPERLY PENETRATING PLANTIFFS RECTUM WITHOUT CON-
SENT or JUSTIFICATION.

b) Violation of Plantiffs New Mexico Constitution Amendment Rights
for the reasons) stated above.

## II. JURISDICTION

2. First Judicial District Court has Jurisdiction in Tort Actions pursuant to
the New Mexico Tort Claims Act N.M.S.A. Chapter 41.(a). Notice of claim
was previously filed with the Risk Management Division pursuant to
41-4-16, N.M.S.A. (1978) on April 8, 2013.

(1 of 8)

## III. PARTIES

3. Plantiff, Beau Musacco, is currently incarcerated at the Penitentiary of New Mexico - North Facility. At the time of events relevant hereto, Plantiff was incarcerated at the Guadalupe County Correctional Facility (G.C.C.F.) in Santa Rosa, NM.

4. Defendant, Dr. Mark Elliot Waldon was, at all times relevant hereto, a physician employed by the defendant CORIZON INC. who provided medical services at the Guadalupe County Correctional Facility.

5. Defendant, Gregg Marcantel was, at all times relevant hereto, employed by the State of New Mexico Department of Corrections as the Secretary of Corrections, who has the duty to oversee all correctional facilities throughout the State of New Mexico, and managing their operations and executing the (D.O.C.) policies.

6. Defendant, Jerry Roark was, at all times relevant hereto, employed by the State of New Mexico Department of Corrections as the Director of Adult Prisons, who has the duty to follow up, and respond to all prisoners Departmental Appeal's for grievances and classification.

7. Defendant, Erasmo Bravo was, at all times relevant hereto, employed by the G.E.O. Group as Warden of (G.C.C.F.), who's duty as Warden is to oversee and manage its day to day operations and execute its policies.

8. Defendant, Robert Ulibarri was, at all times relevant hereto, employed by the G.E.O. Group as the Deputy Warden of the (G.C.C.F.), who's duty as deputy warden of the prison is to assist in managing it's day to day operations and execute its policies.

9. Defendant, The G.E.O. Group was, at all times relevant hereto, owners of the (G.C.C.F.) contracted by the State of New Mexico Department of Corrections to house State prisoners. As owners of the (G.C.C.F.), defendants duty is to oversee all operations of the private entity.

10. Defendant, Corizon Inc. was, at all times relevant hereto, contracted as medical providers for the State of New Mexico Department of Corrections; contracted to provide medical services to all prisoners throughout the State of New Mexico Correctional Facilities, at the (G.C.C.F.) as medical providers, defendants duty is to provide safe, proper, and adequate medical care to all prisoners.

11. Defendant, Phillip Aragon was, at all times relevant hereto, employed by the defendant, The G.E.O. Group, as Acting Grievance Officer, who also held the position of Captain Rank, who was Acting Grievance Officer at the time when plantiff filed his Inmate Grievance, exhausting his administrative remedies,

(2 of 8)

which the defendant had a duty to provide a thorough, proper investigation into the issues presented within the grievance filed.

12. Defendant, (FNU Rael was, at all times relevant hereto, employed by the defendant, The G.E.O. Group, as a correctional officer at the (G.C.C.F) having the duty to provide a safe environment and oversee the prisoners.

13. Defendant, (FNU Sena was, at all times relevant hereto, employed by the defendant, The G.E.O. Group, as a correctional officer at the (G.C.C.F.) having the duty to provide a safe environment and oversee the prisoners.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

14. Plantiff, filed the required Informal Complaint on March 26, 2013 receiving negative results on the response from Unit Manager Kennith Smith at (PNM-South).

15. Plantiff, then proceeded to file the required Inmate Grievance (SR-13-04-08) on April 6, 2013, receiving negative results on the response from defendant, Acting Grievance Officer Captain Phillip Aragon, at (G.C.C.F.) who refused to complete a fair, thorough investigation into the issues presented. Defendant Aragon referred the issues/grievance elsewhere, refusing to provide plantiff with a meaningful hearing and exercising deliberate indifference to the issues. No one ever properly responded to the grievance.

16. Plantiff, then filed a "Departmental Appeal" on May 10, 2013 in regards to the referred grievance (SR-13-04-08). Defendant, Jerry Roark, **HAS** deliberately **REFUSED** to respond to the appeal within the allotted time limits per Nmcd policies and procedures. To this present date, Mr. Roark, still has **NOT** provided an adequate response to this appeal and is abusing his authority.

17. Plantiff, submitted a letter via intra-prison mail on July 22, 2013 to the current, Grievance Officer Michelle Boyer, here at PNM-North Facility, and to, defendant Jerry Roark, in reference to the ignored and unanswered "Departmental Appeal", for Grievance (SR-13-04-08) filed on May 10, 2013. Plantiff, clearly advised defendant Jerry Roark and current Grievance Officer Michelle Boyer, that if they refuse to respond to plantiffs appeal and/or the submitted letter within seven (7) days, then it is deemed that plantiff has exhausted all of his administrative remedies, as the plantiff has no other remedies.

## FACTS

18. At the time of events relevant hereto, plantiff was incarcerated at the (G.C.C.F.) in the segregation unit (HU-1-A #215) from August 19, 2010 to October 19, 2010.

19. On September 22, 2010 correctional officers/defendants (FNU) Rael and (FNU) Sena escorted plantiff to medical in full shackles (i.e. belly chains with handcuff and leg irons).

20. Upon arrival at medical, plantiff was seen by defendant Dr. Walden, which the plantiff was being seen for "Chronic care" and to review previous blood test results.

21. While defendant Dr. Walden was examining the plantiff, Dr. Walden committed sexual assault against the plantiff, with inappropriate sexual misconduct. Dr. Walden unjustifiably started to extensively fondle plantiffs penis and testicles with absolutely **NO** medical reason or justification, improperly penetrated plantiffs rectum, committing a sexual assault with his intrusive examination; when the plantiff was supposed to be there to review the results of his previous blood test. And without **ANY** justification to be unwillingly fondled and sexually molested by Dr. Walden.

22. Plantiff, was fully restrained and powerless to defendant Dr. Walden's molestation, and against plantiffs will.

23. As defendant Dr. Walden was checking plantiffs vitals, etc., then all of a sudden Dr. Walden told plantiff that he needed to pull down his pants. Plantiff did not understand "why", feeling that this was not ordinary and questioned Dr. Walden, but cooperated due to the defendant being a doctor.

24. Not knowing what to expect and restrained, Dr. Walden grabbed plantiffs testicles and asked him to "COUGH" which the plantiff did, and following the "COUGH" Dr. Walden just continued to fondle the testicles way more than what is necessary or medical protocal.

25. Then without warning or medical justification, Dr. Walden grabbed plantiffs penis and inappropriately started rubbing it in a perverse manner, from the top of the penis, back down multiple times until plantiff angrily objected.

26. Defendant, Dr. Walden tried to justify his actions by stating he was only trying to provide a proper examination. Then, Dr. Walden told plantiff that he was going to examine his behind. When Dr. Walden began running his hand/fingers through plantiffs buttocks, without any warning or lubrication Dr. Walden "Forcefully" put his finger INSIDE THE PLANTIFFS ANAL CAVITY. Plantiff, immediately pulled away angrly stating to the defendant, "what the fuck are you doing". The defendant tried justifying his unlawful actions by stating, "this is normal procedure". Plantiff, angrly responded with heated words until defendant (FNU) Rael stepped in and ordered the plantiff to leave, escorting him back to his unit/cell. (The entire examination was performed without safety gloves, creating a health and sanitary issue).

(4 of 8)

27. Dr. Waldens actions were not within "**accepted medical practice or standards**" and acted with complete and total disregard to plantiffs rights; violating plantiffs private areas, without justification.

28. During the sexual molestation by Dr. Walden, both defendants Correctional Officers Mr. Sena and Mr. Rael witnessed Dr. Walden's unlawful conduct and sexual misconduct. They acted with deliberate indifference toward plantiff by refusing to intervene or assist him in stopping this sexual assault, and failing to fulfill their duty to protect plantiff and provide a safe environment. Instead, all C.O. Sena and C.O. Rael did was roll their eyes in disbelief, and shake their heads from side-to-side knowing that Dr. Waldens actions were unjustified and wrong, and still failed to step in.

29. As defendants C.O. Sena and C.O. Rael were escorting plantiff back to his housing unit, defendant (ENH) Rael stated to plantiff, "that was out of line". Plantiff was in disbelief at what just took place, and embarassed from the sexual molestation plantiff experienced.

30. Following the inappropriate sexual assault, defendant Deputy Warden Robert Ulibarri conducted his segregation rounds one to two (1-2) weeks later. D.W. Ulibarri approached plantiffs cell door, and plantiff requested to speak with him about the sexual misconduct. Plantiff, through his celldoor advised D.W. Ulibarri what happened to him at medical. D.W. Ulibarri became very defensive and angry, and threatened plantiff by stating, "IF YOU MENTION THIS TO ANYONE ELSE, I WILL MAKE YOUR LIFE MISERABLE WITHIN THE NM DEPT. OF CORRECTIONS". Defendant D.W. Warden Ulibarri continued to state, "I HAVE CONNECTIONS IN CENTRAL OFFICE AND EVERY PRISON IN NM TO MAKE SURE IT HAPPENS."

31. Being that Plantiff will not be released from prison any time soon, and after D.W.Warden threatened him, plantiff became discourage not knowing what to do out of **FEAR** and never mentioned this sexual molestation/assault to any other prison officials. Plantiff did not feel comfortable filing any complaint until the advice and support by prior counsel, Katie Curry, in 2013, and other inmates.

32. As previously stated in the "Exhaustion of Administrative Remedies Section", on March 26, 2013 plantiff filed the required "Informal Complaint" stating the sexual molestation/assault. The "Informal Complaint" was met with negative results. Plantiff, then filed the required "Grievance" on April 6, 2013 and submitted it to Grievance Officer Michelle Boyer at PNM-South Facility. She then forwarded it to the Grievance officer at (G.C.C.F.), defendant Acting Grievance Officer Captain Phillip Aragon. Acting with complete deliberate indifference towards the issues raised and seriousness, defendant A.G.O. Aragon "claimed that he referred the grievance elsewhere".

33. To this present date, "NO ONE" has adequately addressed this grievance in order to give plantiff an opportunity to finalize the grievance.

34. Due to the fact that defendant A.G.O. Aragon "refused" to adequately address this grievance, he violated plantiffs DUE PROCESS REGHTS, hindering the outcome, end result. With due diligence, on May 10, 2013 plantiff made an effort to exhaust his administrative remedies by filing a "Departmental Appeal" on this grievance (SR-13-04-08). Grievance officer Michelle Boyer (PNM-South) forwarded this appeal to the Director of Adult Prisons Jerry Roark. Who has "Refused" to acknowledge, investigate, address, and regard to such appeal. As previously stated, plantiff submitted a letter to advise G.O. Michelle Boyer and defendant Jerry Roark that if they "refuse" to respond to the appeal within seven (7) days, it is deemed that plantiff has taken "ALL" steps to exhaust his administrative remedies. Which Michelle Boyer or defendant Jerry Roark "never" responded to.

35. Plantiff, has sustained significant "Mental Anguish and Emotional Distress" after being sexually molested/assaulted by defendant Dr. Walden, which can be psychologically verified by mental health. Plantiff has been placed on psychiatric medications, antidepressants "REMRON" for the severe anxiety and depression due to this incident, having nightmares and flashbacks.

36. Plantiff, knows that he is being "DENIED" proper and adequate mental health treatment for his issues out of "Retaliation and Vindictiveness" due to plantiff raising these claims against all of the defendant(s) mentioned above. Because plantiff was violated, sexually molested/assaulted, and reported it to the highest level prison officials, plantiff has been "denied" adequate mental health. Plantiff has continued to request to speak with Mental Health for the issues previously stated above on multiple occasions in the past five (5) months in person to the psychologist through the cell door and in writing by submitting numerous requests. Within the five (5) months, plantiff has been seen "ONLY" three (3) times.

37. All defendants mentioned above, at no time served a legitimate penological interest by allowing, exercising deliberate indifference, and neglecting the malicious and sadistic sexual misconduct by defendant Dr. Walden against the plantiff, and "REFUSING" to investigate the issues presented or intervene.

## V. PRAYER

38. Therefore, plantiff prays for judgement in his favor and seeks "Compensatory Damages" against all defendants named above in an amount sufficient to compensate him for the mental anguish, emotional distress, pain and suffering, negligence, and deliberate indifference sustained for the reasons set forth above. For causing the plantiff to suffer from "nightmares, flashbacks, depression, and having anxiety to the extent that it was necessary for the plantiff to seek

mental health assistance, treatment, and to be prescribed medication. Plantiff seeks no less than #200,000, and such additional relief as the Court may deem just and proper.

(1.) Defendant: Dr. Mark Elliot Walden - The maximum amount allowed by the law, and NO LESS than #200,000 dollars for defendants actions against the plantiff.

(2.) Defendant: Corizon Inc. - The maximum amount allowed by law, and NO LESS than #50,000 dollars for defendants actions.

(3.) Defendant: The G.E.O. Group - The maximum amount allowed by law, or as this Courts deems sufficient, and NO LESS than #200,000 dollars for defendants failure to act, provide a safe environment free of sexual assault, and continuing to allow Dr. Walden to treat other inmate's after receiving full knowledge of sexual assaults taking place at (G.C.C.F.).

(4.) Defendant: Warden Erasmo Bravo - The maximum amount allowed by law, or as this Court deems sufficient, and NO LESS than #50,000 dollars for defendants failure to act, and failure to provide a safe environment free of sexual assault, and continuing to allow Dr. Walden to treat other inmates with full knowledge of sexual assaults taking place.

(5.) Defendant: Deputy Warden Robert Ulibarri - The maximum amount allowed by law, or as this Court deems sufficient, and NO LESS than #50,000 dollars for defendants failure to act, failure to provide a safe environment free of sexual assaults, and having full knowledge of the sexual assault on plantiff, and for this defendants "THREATS" towards the plantiff.

(6.) Defendant: Acting Grievance Officer Captain Phillip Aragon - The maximum amount allowed by law, and NO LESS than #50,000 dollars for defendants failure to act, and failure to provide an adequate response to plantiffs grievance.

(7.) Defendant: Secretary of Corrections Gregg Marcantel - The maximum amount allowed by law, or as this Court deems sufficient, and NO LESS than #50,000 dollars for defendants failure to act, and failure to provide a safe environment free from sexual assaults.

(8.) Defendant: Director of Adult Prisons Jerry Roark - The maximum amount allowed by law, or as this court deems sufficient, and NO LESS than #50,000 dollars for defendants failure to act, failure to provide a safe environment free from sexual assault, and failure to provide an adequate response to plantiffs "Departmental Appeal".

(9.) Defendant: Correctional Officer (FNU) Rael - The maximum amount allowed by law, or as this Court deems sufficient, and NO LESS than #50,000 dollars for defendants failure to act and STOP the sexual assault this defendant witnessed, and provide a safe environment free from sexual assaults.

(10.) Defendant: Correctional Officer (FNU) Sena - The maximum amount allowed by law, or as this Court deems sufficient, and NO LESS than #50,000 dollars for this defendants failure to act and STOP the sexual assault this defendant witnessed, and provide a safe environment free from sexual assaults.

39. Plaintiff, in addition seeks "Punitive Damages" against all defendant(s) for their willful, malicious and sadistic conduct in allowing, exercising deliberate indifference, and neglecting Dr. Waldens unlawful sexual misconduct, in a sufficient amount as the Court may deem just and proper and/or Jury.

40. Plaintiff, also seeks "Injunctive Relief" against defendant Dr. Mark Elliot Walden, that his license to practice in the medical field be suspended indefinitely so he is unable to victimize anyone else.
Plaintiff, is also seeking "Injunctive Relief" against the following:
(1.) All of the (G.C.C.F.) prison officials; defendant Warden Erasmo Bravo, defendant Deputy Warden Robert Ulibarri, A.G.O. Captain Phillip Aragon, C/O (FNU) Rael, and C/O (FNU) Sena that these named defendants be sanctioned, demoted, and/or restricted from working within the Department of Corrections for their actions and participation in this situation, or any actions this Court deems just and proper.

41. Plaintiff, also requests that an "Evidentiary hearing or Jury Trial" be held.

Respectfully Submitted,

X

I, hereby certify that a true and correct copy of the foregoing was sent to the following defendants on this 13 day of September, 2013, via USPS Mail.

Beau Musacco (Plaintiff)
P.O. Box 1054
Santa Fe, NM 87504

1. Dr. Mark Elliot Walden, "Nicole Charlevois"-Counsel, 612 First St NW, Albuquerque, NM 87102-2306
2. Secretary of Corrections Gregg Marcantel, P.O. Box 27116, Santa Fe, NM 87502-0116
3. Director of Adult Prisons Jerry Roark, P.O. Box 27116, Santa Fe, NM 87502-0116
4. The G.E.O. Group, c/o Corporate Creations Network Inc., 4400 N. Pennsylvania Ave., Suite 600, Roswell, NM 88201
5. Corizon, c/o CT Corporation System, 123 E. Marcy St., Santa Fe, NM 87501
6. Warden Erasmo Bravo, G.C.C.F. P.O. Box 520, S. Hwy. 54, Exit 3B, Santa Rosa, NM 88435
7. D.W. Robert Ulibarri, G.C.C.F., P.O. Box 520, S. Hwy. 54, Exit 3B, Santa Rosa, NM 88435
8. A.G.O. Captain Phillip Aragon, G.C.C.F., P.O. Box 520, S. Hwy. 54, Exit 3B, Santa Rosa, NM 88435
9. C.O. (FNU) Sena, G.C.C.F., P.O. Box 520, S. Hwy. 54, Exit 3B, Santa Rosa, NM 88435
10. C.O. (FNU) Rael, G.C.C.F., P.O. Box 520, S. Hwy. 54, Exit 3B, Santa Rosa, NM 88435

X
9-13-13

FILED
FIRST JUDICIAL
DISTRICT COURT

2013 SEP 26  AM 11:34

**4-222. Application for free process and affidavit of indigency.**
[For use with Supreme Court General Rule 23-114]

STATE OF NEW MEXICO

COUNTY OF _Santa Fe_

_First Judicial District_ COURT

Beau Musacco_____, Petitioner,

v.
Dr. Mark Elliot Walden,
Gregg Marcantel,
Jerry Roark,
Erasmo Bravo,_____, Respondent.
Robert Ulibarri,
The Geo Group,
Corizon,
Phillip Amparan, **APPLICATION FOR FREE PROCESS AND AFFIDAVIT OF INDIGENCY**
Mr. Rael,
Mr. Sena,

No. D101CV201302549

    I request that the court enter an order permitting me to file this case without prepayment of

fees and costs and give upon my oath or affirmation the following statement.


My marital status is: Single _✓_ Married ____ Divorced ___ Separated ____ Widowed____


I request interpretation services: ___ yes _✓ no (If yes, please describe what you need)

_____

_____

**INFORMATION ABOUT MY FINANCES (check all that apply to you and fill in the blanks):**

### A.   PUBLIC ASSISTANCE

✔ I do not receive public assistance (If you check this blank, go directly to Section B

EMPLOYMENT/UNEMPLOYMENT).


\_\_\_\_   I currently receive the following public assistance in _____County (please

check all applicable public assistance programs):

\_\_\_Temporary Assistance for Needy Families (TANF)

\_\_\_Food Stamps

\_\_\_Medicaid

\_\_\_General Assistance (GA)

\_\_\_Supplemental Security Income (SSI)

\_\_\_Social Security Disability Income (SSDI)

\_\_\_Public Housing

\_\_\_Disability Security Income (DSI)

\_\_\_Department of Health Case Management Services (DHMS)

\_\_\_Other (please describe _____)

**B.** **EMPLOYMENT/UNEMPLOYMENT**

✓ I am currently unemployed and have been unemployed for ___ months in the past year. I am unemployed because __I'm incarcerated.__

___ I receive unemployment benefits in the amount of $_____ per month.

___ I have no income because I am unemployed.


___ I am employed.

> My employer's name, address and phone number is:
>
> _____
> _____
> _____
>
> I am paid weekly ___ every other week ___ twice a month ___ once a month ___.
>
> When I am paid my net take-home pay minus deductions required by law like state and federal tax withholding and FICA is $_____.


___ I am married, and my spouse is unemployed and has been unemployed for ___ months in the past year because

_____

3

___ My spouse receives unemployment benefits in the amount of $_____ per month.

___    I am married, and my spouse is employed.

My spouse's employer's name, address and phone number is:

_____

_____

_____

_____

My spouse is paid weekly ___ every other week ___ twice a month ___ once a

month ___.  When my spouse is paid his or her net take home pay minus

deductions required by law like state and federal tax withholding and FICA is

$_____.

## C.    OTHER SOURCES OF INCOME

___    I have income from another source not mentioned above.

_____ Child Support $_____

_____ Alimony $_____

_____ Investments $_____

_____ Community property from my spouse        $_____

_____ Other _____          $_____

_____ I do not have any other sources of income.

_____ I am married, and my spouse has income from another source not mentioned above.

     _____ Child Support $_____

     _____ Alimony $_____

     _____ Investments $_____

     _____ Other _____          $_____

     _____ Other _____          $_____

_____ I am married, and my spouse does not have any other sources of income.

**D.      OTHER ASSETS (Please list other assets owned by you or your spouse that can be turned into cash.  Do not include money you have in retirement accounts):**

Cash on hand                          $_____

Bank accounts                         $_____

Income tax refund                     $_____

5

Other assets (describe below):

_____        $_____

_____        $_____

**IF YOU DO NOT HAVE ACCESS TO YOUR OWN OR YOUR SPOUSE'S INCOME OR**

**ASSETS, EXPLAIN WHY.**

_____

_____

_____

_____

_____

### E.     MONTHLY EXPENSES

House Payment/Rent              $_____

Utilities                       $_____

Telephone                       $_____

Groceries (after food stamps)   $_____

Car Payment(s)                  $_____

Gasoline                        $_____

6

Insurance                                    $ _____

Child Care                                   $ _____

Student and Consumer Loans                   $ _____

Court-ordered family support obligations     $ _____

Other court-ordered payments                 $ _____

Medical expenses                             $ _____

Other _____                        $ _____


**F.    HOUSEHOLD**


I live at _the Penitentiary of New Mexico, P.O. Box 1059, Santa Fe, NM 87504_

and the head of the household is _____.

Other than myself, the other members of the household are:

| Name | Age | Employment | I Support |
|------|-----|------------|-----------|
| _____ | _____ | _____ | ( ) |

7

_____    _____  _____    ( )

_____    _____  _____    ( )

_____    _____  _____    ( )

_____    _____  _____    ( )

_____    _____  _____    ( )

_____    _____  _____    ( )

*This statement is made under oath. I hereby state that the above information regarding my financial condition is correct to the best of my knowledge. I hereby authorize the Court to obtain information from financial institutions, employers, relatives, the federal internal revenue service and other state agencies. If at any time the Court discovers that information in this application for free process was false, misleading, inaccurate, or incomplete at the time the application was submitted, the Court may require me to pay for any costs or fees that were waived under an order of free process that was granted based on the information in this application.*

8

_____

(Signature)

_Beau Musacco_

(Print Name)

✓ Petitioner _____ Respondent

(Pro Se)

P.O. Box 1059

(Street Address)

Santa Fe, NM 87504

(City, State, Zip Code)

N/A

(Telephone)


State of _New Mexico_          )
                               ) ss
County of _Santa Fe_           )


Signed and sworn to (or affirmed) before me on ____8/27/13____ (date)
by _Beau Musacco_ (name of applicant).

9

_____

Notary

My commission expires: _____

**IF YOU ARE REPRESENTED BY AN ATTORNEY, YOUR ATTORNEY MUST SIGN**

**THE FOLLOWING CERTIFICATE.**

        I, _____, hereby certify that I have not received any attorney

                *(Name of attorney)*

fee to represent _____.  If any attorney fee is paid to me, I understand

              *(Name of applicant)*

that I shall pay to the court clerk from such attorney fee any court fees and costs that may

be waived by the court.

Date 08/16/2013

**New Mexico Corrections Department**
Inmate Trust Accounting
**Account Transaction History**
From 02/01/2013 To 08/16/2013

Page 1 of 3
abete783

| Offender Name | | NMCD # Account Description | | Account Number |
|---|---|---|---|---|
| MUSACCO, BEAU JAMES | | 69950 INMATE REGULAR SPENDING | | 41145 |

| Transaction ID | Date | Description | Amount | Balance |
|---|---|---|---|---|
| | 02/01/2013 | Beginning Balance | | 174.76 |
| 1867301 | 02/05/2013 | PNM-- LEGAL COPIES | -4.75 | 170.01 |
| 1867436 | 02/06/2013 | Commissary Purchase; Invoice 1 | -19.45 | 150.56 |
| 1867491 | 02/06/2013 | PNM L5 STORE SALE-TKT-PC-ENV-BATT | -4.00 | 146.56 |
| 1867512 | 02/06/2013 | PNM POSTAGE | -1.12 | 145.44 |
| 1867515 | 02/06/2013 | PNM COPIES | -.50 | 144.94 |
| 1873133 | 02/13/2013 | Commissary Purchase; Invoice 1 | -20.99 | 123.95 |
| 1878763 | 02/20/2013 | Commissary Purchase; Invoice 2 | -20.84 | 103.11 |
| 1878780 | 02/20/2013 | PNM POSTAGE | -3.77 | 99.34 |
| 1879230 | 02/22/2013 | Commissary Purchase; Invoice 2 | -21.81 | 77.53 |
| 1879237 | 02/22/2013 | PNM L5 STORE SALE-PC-ENV-TKT-ENV | -12.83 | 64.70 |
| 1879733 | 02/27/2013 | Commissary Purchase; Invoice 2 | .00 | 64.70 |
| 1879753 | 02/27/2013 | PNM L5 STORE SALE-PC-ENV-TKT-BATT | -6.83 | 57.87 |
| 1881119 | 03/06/2013 | Commissary Purchase; Invoice 2 | -32.24 | 25.63 |
| 1881162 | 03/06/2013 | PNM POSTAGE | -2.72 | 22.91 |
| 1881162 | 03/06/2013 | PNM POSTAGE | -1.52 | 21.39 |
| 1882601 | 03/11/2013 | Cash Receipt - FLORES, MARY | 100.00 | 121.39 |
| 1887339 | 03/14/2013 | Commissary Purchase; Invoice 2 | -16.20 | 105.19 |
| 1887454 | 03/14/2013 | PNM L5 STORE SALE-PC & OR ENV | -10.00 | 95.19 |
| 1892352 | 03/20/2013 | Commissary Purchase; Invoice 2 | -22.98 | 72.21 |
| 1892364 | 03/20/2013 | PNM POSTAGE | -.66 | 71.55 |
| 1892364 | 03/20/2013 | PNM POSTAGE | -.46 | 71.09 |
| 1892364 | 03/20/2013 | PNM POSTAGE | -1.12 | 69.97 |
| 1892375 | 03/20/2013 | PNM L5 STORE SALE-PC-ENV-TKT-BATT | -11.83 | 58.14 |
| 1893466 | 03/28/2013 | Commissary Purchase; Invoice 2 | -23.53 | 34.61 |
| 1893496 | 03/28/2013 | PNM L5 STORE SALE-PC-ENV-TKT-BATT | -19.33 | 15.28 |
| 1894267 | 04/03/2013 | Commissary Purchase; Invoice 2 | -14.77 | .51 |
| 1895138 | 04/08/2013 | Cash Receipt - FLORES, MARY | 100.00 | 100.51 |
| 1897601 | 04/10/2013 | Commissary Purchase; Invoice 2 | -.48 | 100.03 |
| 1897608 | 04/10/2013 | PNM POSTAGE  3/29/13 | -1.12 | 98.91 |
| 1897613 | 04/10/2013 | PNM L5 STORE SALE-TKT-PC-ENV-BATT | -19.67 | 79.24 |
| 1904816 | 04/17/2013 | Commissary Purchase; Invoice 2 | -43.32 | 35.92 |
| 1904835 | 04/17/2013 | PNM L5 STORE SALE-PC-ENV-TKT-BATT | -5.00 | 30.92 |
| 1905996 | 04/24/2013 | Commissary Purchase; Invoice 2 | -11.07 | 19.85 |

Date '08/16/2013

**New Mexico Corrections Department**
Inmate Trust Accounting

Page 2 of 3
abete783

**Account Transaction History**
From 02/01/2013 To 08/16/2013

| Offender Name | | NMCD # Account Description | | Account Number |
|---|---|---|---|---|
| MUSACCO, BEAU JAMES | | 69950 INMATE REGULAR SPENDING | | 41145 |

| Transaction ID | Date | Description | Amount | Balance |
|---|---|---|---|---|
| 1906679 | 04/24/2013 | PNM POSTAGE | -.46 | 19.39 |
| 1906679 | 04/24/2013 | PNM POSTAGE | -1.12 | 18.27 |
| 1906964 | 04/25/2013 | PNM COPIES | -8.00 | 10.27 |
| 1907532 | 05/01/2013 | Commissary Purchase; Invoice 2 | -10.16 | .11 |
| 1908993 | 05/09/2013 | Commissary Purchase; Invoice 2 | .00 | .11 |
| 1912337 | 05/13/2013 | PNM INST PAY-APR'13 - SFS L POD PORTER | 13.20 | 13.31 |
| 1912406 | 05/13/2013 | AUTOMATIC CVR DEDUCTION | -1.98 | 11.33 |
| 1912407 | 05/13/2013 | Automatic Savings Deduction | -.66 | 10.67 |
| 1916994 | 05/15/2013 | Cash Receipt - FLORES, MARY | 100.00 | 110.67 |
| 1917217 | 05/15/2013 | Commissary Purchase; Invoice 2 | .00 | 110.67 |
| 1917226 | 05/15/2013 | PNM L5 STORE SALE | -58.00 | 52.67 |
| 1917229 | 05/15/2013 | PNM L5 STORE SALE-PC-ENV | -20.50 | 32.17 |
| 1919414 | 05/22/2013 | Commissary Purchase; Invoice 2 | -20.51 | 11.66 |
| 1919418 | 05/22/2013 | PNM POSTAGE  5/1/13 | -1.32 | 10.34 |
| 1919418 | 05/22/2013 | PNM POSTAGE  5/6/13 | -5.20 | 5.14 |
| 1920358 | 05/29/2013 | Commissary Purchase; Invoice 2 | .00 | 5.14 |
| 1922697 | 06/07/2013 | Commissary Purchase; Invoice 4 | -1.18 | 3.96 |
| 1922700 | 06/07/2013 | REF: PNM CANTEEN | 2.93 | 6.89 |
| 1922731 | 06/07/2013 | PNM L6 STORE SALE | -2.10 | 4.79 |
| 1929786 | 06/14/2013 | Cash Receipt - FLORES, MARY | 100.00 | 104.79 |
| 1931127 | 06/14/2013 | Commissary Purchase; Invoice 4 | -3.71 | 101.08 |
| 1932438 | 06/17/2013 | PNM POSTAGE | -.46 | 100.62 |
| 1933422 | 06/21/2013 | Commissary Purchase; Invoice 4 | -4.09 | 96.53 |
| 1933432 | 06/21/2013 | PNM L6 STORE SALE-PC & ENV | -5.00 | 91.53 |
| 1933434 | 06/21/2013 | PNM L6 STORE SALE | -.84 | 90.69 |
| 1933856 | 06/25/2013 | PNM POSTAGE | -7.48 | 83.21 |
| 1934366 | 06/28/2013 | PNM L6 STORE-PC & OR ENV | -5.00 | 78.21 |
| 1934368 | 06/28/2013 | PNM L6 STORE SALE | -2.34 | 75.87 |
| 1936498 | 07/08/2013 | Commissary Purchase; Invoice 5 | -4.09 | 71.78 |
| 1936545 | 07/08/2013 | PNM L6 STORE-PC & OR ENV | -7.50 | 64.28 |
| 1944596 | 07/15/2013 | Commissary Purchase; Invoice 5 | -4.84 | 59.44 |
| 1944611 | 07/15/2013 | PNM POSTAGE | -1.12 | 58.32 |
| 1944616 | 07/15/2013 | PNM L6 STORE SALE-PC & ENV | -2.50 | 55.82 |
| 1944619 | 07/15/2013 | PNM L6 STORE SALE | -2.87 | 52.95 |

Date 08/16/2013      **New Mexico Corrections Department**      Page 3 of 3
                                     Inmate Trust Accounting                 abete783

**Account Transaction History**
From 02/01/2013  To 08/16/2013

| Offender Name | | NMCD # Account Description | | Account Number |
|---|---|---|---|---|
| MUSACCO, BEAU JAMES | | 69950 INMATE REGULAR SPENDING | | 41145 |

| Transaction ID | Date | Description | Amount | Balance |
|---|---|---|---|---|
| 1946553 | 07/22/2013 | Commissary Purchase; Invoice 5 | -.96 | 51.99 |
| 1946569 | 07/22/2013 | PNM POSTAGE | -.46 | 51.53 |
| 1946709 | 07/22/2013 | PNM POSTAGE | -.46 | 51.07 |
| 1947406 | 07/26/2013 | Commissary Purchase; Invoice 5 | -12.12 | 38.95 |
| 1947569 | 07/29/2013 | PNM L6 STORE SALE -PC -ENV | -2.50 | 36.45 |
| 1947575 | 07/29/2013 | PNM L6 STORE SALE | -3.64 | 32.81 |
| 1947666 | 07/29/2013 | PNM POSTAGE | -1.32 | 31.49 |
| 1948621 | 08/05/2013 | Commissary Purchase; Invoice 5 | -6.40 | 25.09 |
| 1948709 | 08/05/2013 | PNM L6 STORE SALE | -1.22 | 23.87 |
| 1948968 | 08/06/2013 | PNM POSTAGE | -1.32 | 22.55 |
| 1950549 | 08/08/2013 | Cash Receipt - WRIGHT, BARBARA | 100.00 | 122.55 |
| 1951659 | 08/09/2013 | Commissary Purchase; Invoice 5 | -13.79 | 108.76 |
| 1951681 | 08/09/2013 | PNM POSTAGE | -.46 | 108.30 |
| 1951686 | 08/09/2013 | PNM L6 STORE SALE-PC-ENV | -6.83 | 101.47 |
| 1951693 | 08/09/2013 | PNM L6 STORE SALE | -3.22 | 98.25 |
| | 08/16/2013 | Ending Balance | | 98.25 |

8/15/13    83.02

Date 08/16/2013

New Mexico Corrections Department
Inmate Trust Accounting

**Account Transaction History**
From 02/01/2013  To 08/16/2013

Page 1 of 1
abete783

| Offender Name | | NMCD # Account Description | | Account Number |
|---|---|---|---|---|
| MUSACCO, BEAU JAMES | | 69950 DISCHARGE MONEY | | 41146 |

| Transaction ID | Date | Description | Amount | Balance |
|---|---|---|---|---|
| | 02/01/2013 | Beginning Balance | | 64.33 |
| 1912407 | 05/13/2013 | Automatic Savings | .66 | 64.99 |
| | 08/16/2013 | Ending Balance | | 64.99 |



FILED
FIRST JUDICIAL
DISTRICT COURT

2013 SEP 26  AM 11: 35

**4-223. Order for free process.**

[For use with Supreme Court General Rule 23-114]

**STATE OF NEW MEXICO**

**COUNTY OF** _Santa Fe_

_First Judicial District_ **COURT**

_Beau Musacco_____, Petitioner,

v.                                              No. _D101CV201302549_
Dr. Mark Elliot Walden
Gregg Marcantel
Jerry Roark
Warden Erasmo Bravo
Robert Ulibarri_____, Respondent.
The Geo Group
Corizon
Phillip Aragon
Mr. Rael
Mr. Sena           **ORDER ON APPLICATION FOR FREE PROCESS**

        **THIS MATTER** having come before the court on Petitioner's application for free process

and affidavit of indigency, or upon Petitioner's attorney's certificate supporting indigency and free

process pursuant to Rule 23-114(B)(2) NMRA, and the court being otherwise advised in the

premises,

**FINDS** that:

        [ ]    the applicant is entitled to free process in accordance with Rule 23-114(B)(2)

NMRA.

[ ] the applicant receives public assistance and is, therefore, entitled to free process.

[✓] the applicant's annual income does not exceed one hundred and ~~fifty~~ *eight-five* percent (1~~50~~*85*%) of the federal poverty guidelines, and the applicant is, therefore, entitled to free process.

[ ] the applicant's annual income exceeds one hundred and fifty percent (150%) of the federal poverty guidelines, but the applicant is not reasonably able to pay fees or costs and is, therefore, entitled to free process.

[ ] on the basis of the applicant's available funds or annual income, the applicant is not entitled to free process.

**THE COURT ORDERS** that:

[✓] the filing fee is waived.

[ ] the filing fee is waived except for the $_____ alternative dispute resolution (ADR) fee.

[✓] the applicant is granted free service of process by the Sheriff in ___*VARIOUS*___ County, New Mexico for   1   2   3   4   5   or ___*10*___ summons(es), provided that the applicant first attempts service by certified mail pursuant to Rule 1-004 NMRA.

[ ] the applicant is granted free service by the Sheriff in _____ County, New Mexico, of a temporary restraining order or _____.

[ ] the applicant is to pay the filing fee on _____, 20_____.

[ ] interpretation services shall be provided to the applicant.

[ ] free process is denied.

2

[ ]     Other: _____

_____

_____

_____

**Unless specifically granted above, this order of free process does not include** the following costs: jury fees, certification fees, subpoena fees for witnesses, witness fees for hearings or trials, mailings, long distance charges, transcripts for appeals or record proper, duplication fees for audiotapes or compact discs, copy charges, publication fees, or facsimile services. Application for all other costs are to be made to the judge assigned to your case. If the applicant prevails in this law suit and collects money by judgment or settlement, the court may order reimbursement for any waived costs. If the applicant is represented by an attorney who is paid an attorney fee, any fees or costs waived by this order must be deducted from any such attorney fee and paid to the court clerk.

*This order is subject to revision, modification or recission by the judge assigned to your case.*

_Sarah M. Singleton_
**JUDGE**

3

First Judicial District Court
County of Santa Fe
State of New Mexico

FILED
FIRST JUDICIAL
DISTRICT COURT

2013 SEP 26 AM 11: 37

Beau Musacco,
Plantiff,
V.
Dr. Mark Elliot Walden,
Gregg Marcantel,
Jerry Roark,
Erasmo Bravo,
Robert Ulibarri,
The Geo Group,
Corizon,
Phillip Aragon,
Mr. Rael,
Mr. Sena,
Defendants.

Case No. D101CV201302549

## Motion For Appointment of Counsel

Comes now the Petitioner, Beau Musacco, Pro-se, respectfully moves this court; pursuant to Chapter 41 of the N.M.S.A. for the appointment of counsel to represent Petitioner in the above matter. Plantiff, is indigent and lacks access to adequate legal resources (i.e. case law, statutes, etc.). Thus, Plantiff lacks the knowledge of law and has no assistance at all at the Penitentiary of New Mexico; there's a para-legal that does not provide legal advice and does legal work for the penitentiary, when in fact he's suppose to be providing inmates with adequate legal assistance. Without being appointed counsel, Plantiff will be denied the right to strasize and present the best case possible.

Therefore, Plantiff respectfully asks the court to appoint counsel for the above matter, in order to present his strongest case - Also, due to the fact that Plantiff is without funds or assets to retain counsel in the matter.

Respectfully Submitted,

I certify that a true and correct copy of the foregoing was sent to the First Judicial District Court, P.O. Box 2268, Santa Fe, NM. 87504 On the ____ day of _____, 2013.

(1 of 1)

9-403.  Eligibility determination for indigent defense services.

*[For use in the District Court, Magistrate
Court and Metropolitan Court]*

STATE OF NEW MEXICO
COUNTY OF _Santa Fe_____
_First Judicial District_ COURT

[STATE OF NEW MEXICO]
[COUNTY OF _Santa Fe_____]

v.                                                          No. _____

_Beau Musacco_____, Defendant

## ELIGIBILITY DETERMINATION FOR INDIGENT DEFENSE SERVICES

Name: _Beau Musacco____ DOB: _9-11-80_   Age: _32__

AKA: _____   Sex: (Male) Female  SSN: _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_

Address: _P.O. Box 1059_____  Phone: _____

Charges: "_Tort Claim_",    "_Two First Degree murders_"

DC#_____  MC#_____

Lives alone:____ Lives with: spouse ____ children ____ parent ____ friend ____ other _✓_

Marital status: Single _✓_ Married ____ Divorced ____ Separated ____ Widowed____

Number of dependents in household: _____

☒ Defendant is in jail.   [ ] Defendant is not in jail.

## PRESUMPTIVE ELIGIBILITY:

✓    I currently do not receive public assistance.

_____    I currently receive the following type of public assistance in _____ County:

DEPARTMENT OF HEALTH CASE MANAGEMENT SERVICES (DHMS) $_____

AFDC $_____ Food Stamps $_____ Medicaid $_____

DSI $_____ Public Housing $_____

| NET INCOME: | SELF | SPOUSE |
|---|---|---|
| Employer's Name | _____ | _____ |
| Employer's Phone | _____ | _____ |
| Pay Period | | |
| *(weekly, every second week,* | | |
| *twice monthly, monthly)* | _____ | _____ |
| Net take home pay *(salary* | | |
| *wages minus deductions* | | |
| *required by law)* | $_____ | $_____ |
| Other income sources | | |
| *(please specify)* | | |
| _____ | $_____ | $_____ |

SCREENING USE ONLY

TOTAL ANNUAL INCOME   $_____ + _____ = ___/___/___A

ASSETS:

2

Cash on hand                          $_____        $_____

Bank accounts                         $_____        $_____

Real estate (equity)                  $_____        $_____

                                      $_____        $_____

Motor vehicles *(equity)*             $_____        $_____

                                      $_____        $_____

Other personal property *(equity)*:

*(describe and set forth equity)*

_____    $_____        $_____

_____    $_____        $_____


SCREENING USE ONLY

**TOTAL ASSETS**        $_____  +  _____  =  ____/____/____ B

**EXCEPTIONAL EXPENSES** *(total exceptional expenses of dependents)*:

Medical expenses *(not covered by insurance)*......... $_____

Court-order support payments/alimony................ $_____

Child-care payments *(e.g. day care)*................. $_____

Other *(describe)* _____   $_____

_____   $_____

SCREENING USE ONLY

3

TOTAL EXCEPTIONAL EXPENSES        $_____ = ___/___/___ C

I UNDERSTAND THAT IF IT IS DETERMINED THAT I AM NOT INDIGENT, I MAY APPEAL TO THE COURT WITHIN TEN (10) DAYS AFTER THE DATE I AM ADVISED OF THIS DECISION.

___✓___ I wish to appeal.

_____ I do not wish to appeal.


STATE OF NEW MEXICO        )
                           ) ss
COUNTY OF _Santa Fe_       )


This statement is made under oath. I hereby state that the above information regarding my financial condition is correct to the best of my knowledge. I hereby authorize the screening agent, district defender and the court to obtain information from financial institutions, employers, relatives, the federal internal revenue service and other state agencies.

_8/27/13_
Date                                    Signature of applicant


State of _New Mexico_        )
                            ) ss
County of _Santa Fe_        )

Signed and sworn to (or affirmed) before me on _8/27/13_ *(date)* by

4

_Beau Musacco_____ (name of applicant).

Notary

_(Seal, if any)_                                 My commission expires: _____

COLUMN "A" (net income) plus COLUMN "B" (assets)          SCREENING USE ONLY

     minus COLUMN "C" (exceptional expenses)          AVAILABLE FUNDS

     equals AVAILABLE FUNDS ............................................          =          /_____

_✓_   The applicant is indigent.

____   The applicant is _not_ indigent.

____   The applicant [has] [has not] paid the statutory application fee.

     Receipt number: _____

_____          _____
Signature of screening agent                     Title

     Based on the above answers and information, I find that the applicant (is) (is not) indigent.

_(Complete the following only if the court has determined that the applicant is unable to pay the_

_[$10.00] statutory indigency application fee)._

_____   I find that the applicant is unable to pay the statutory indigency application fee, and I

     therefore waive the payment of the indigency application fee.

5

_____

Judge or authorized designee

## GUIDELINES FOR DETERMINING ELIGIBILITY

Pursuant to Section 31-15-7 NMSA 1978, the following guidelines are established for determination of indigency and eligibility for public defender services.

### I.      APPLICATION FEE

A person shall pay a non-refundable application fee for each case in the amount set in Section 35-15-12 NMSA 1978 at the time the person applies with the public defender for representation. The application fee may be waived when an applicant is homeless or incarcerated **and** unable to pay the fee.

### II. PRESUMPTION OF INDIGENCY

An applicant is presumed indigent if the applicant is a current recipient of state or federally administered public assistance programs for the indigent: temporary assistance for needy families (TANF), general assistance (GA), supplemental security income (SSI), social security disability income (SSDI), food stamps, medicaid, disability security income (DSI), public assisted housing or Department of Health, Case Management Services (DHMS). Proof of assistance must be attached to the application and no further inquiry is necessary. Home equity, *etc.* is not to be taken into account if the applicant is a current recipient of one of the six programs described above.

If the interviewer is unable to complete the indigency application or believes the information to be unreliable because of communication or other problems associated with a mental disability of

6

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/2/2013 1:29:26 PM
STEPHEN T. PACHECO
JLG

FIRST JUDICIAL DISTRICT COURT
STATE OF NEW MEXICO
COUNTY OF _SANTA FE_

_Beau Musacco_
    Petitioner,

v.                                    No. _D-101-CV-2013-02549_

_Dr. Mark ELLIOTT WALDEN, et. al._
    Respondent.

## ORDER FOR APPOINTMENT OF ATTORNEY

THIS MATTER having come before the Court on ___Petitioners___'s motion

for appointment of an attorney, and showing of indigency by affidavit(s), and the Court being

otherwise advised in the premises, the Court orders that the movant:

1. _____ have the following attorney appointed: _____.

2. _X_ be denied the appointment of an attorney.

_____

DISTRICT COURT JUDGE