# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

BEAU JAMES MUSACCO,

      Plaintiff,

v.                                      No. CIV 13-1053 MV/KBM

DR. MARK ELLIOT WALDEN,
SECRETARY OF CORRECTIONS
GREGG MARCANTEL,
DIRECTOR OF ADULT PRISONS JERRY ROARK,
WARDEN ERASMO BRAVO,
DEPUTY WARDEN ROBERT ULIBARRI,
THE GEO GROUP,
CORIZON (MEDICAL CORPORATION),
ACTING GRIEVANCE OFFICER
CAPTAIN PHILLIP ARAGON,
CORRECTIONS OFFICER (FNU) RAEL,
CORRECTIONS OFFICER (FNU) SENA,
individually and in their official capacities,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff filed his complaint in state court, and Defendants removed it to this Court. Plaintiff is incarcerated and appears pro se. He was granted free process in the state proceeding, and this Court will grant him leave to proceed under 28 U.S.C. § 1915. Also before the Court are the Defendant Corizon Motion to Dismiss (Doc. 4) filed on October 28, 2013, and Plaintiff's Motion for Default Judgment (Doc. 31) filed on February 19, 2014. Defendants Aragon, Bravo, Rael, Sena, The GEO Group, Inc., and Ulibarri have joined in the motion to dismiss (Doc. 21) and have provided

additional authority.   Defendant Walden also has joined in the motion (Doc. 29).   For reasons set out below, Plaintiff's claims against certain Defendants will be dismissed and the motions to dismiss and for default judgment will be denied.

## I. Sua sponte review

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."   The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."   *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.   *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff is incarcerated at the Penitentiary of New Mexico.   He alleges in his complaint that, previously, when he was housed at the Guadalupe County Correctional Facility, Defendant Walden committed sexual misconduct and an assault against him.   His claims against the other Defendants are based on their alleged supervisory/oversight duties or their failure to comply with institutional grievance procedures.   Plaintiff claims that Defendants' actions violated his rights under the Eighth Amendment and related state constitutional provisions.   The complaint seeks damages and injunctive relief.

As noted, Plaintiff's claims against Defendants Marcantel, Roark, Bravo, Ulibarri, GEO Group, Corizon, Rael, and Sena are based on alleged supervisory/oversight duties or failure to intervene.   These allegations do not support constitutional claims.   "We have said that a plaintiff cannot establish liability under § 1983 merely by showing that the defendant was in charge of others who may have committed a constitutional violation.   Instead, the plaintiff must establish a 'deliberate, intentional act by the supervisor to violate constitutional rights.' "  *Phillips v. Tiona*, 508 F. App'x 737, 744 (10th Cir. 2013) (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010).   "The plaintiff must show the defendants 'caused' the constitutional deprivation. This causal connection is shown if the defendants 'set in motion a series of events that the defendant[s] knew or reasonably should have known would cause others to deprive the plaintiff of [his] constitutional rights.' "  *Bruner v. Baker*, 506 F.3d 1021, 1026 (10th Cir. 2007) (citations omitted).   Plaintiff makes no such allegations against these Defendants, and his claims against them will be dismissed.[1]

Plaintiff also alleges that Defendants Aragon and Roark, by ignoring or denying Plaintiff's grievances and appeals, failed to comply with institutional grievance procedures.   Generally, of course, a plaintiff's dissatisfaction with grievance procedures does not give rise to a constitutional claim.   *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (quotation omitted); *Murray v. Albany County Bd. of Cnty. Comm'rs*, No. 99-8025, 2000 WL 472842, at **2 (10th Cir. Apr. 20, 2000).   "Merely sending grievances to a warden is not enough to attach liability, and the warden's response signified nothing more than a reasonable reliance on the judgment of prison . . . staff."

_____

[1]  At ¶¶ 36-37 of the complaint, Plaintiff also makes conclusory allegations of retaliation for pursuing his claims. Because he does not identify any persons who allegedly retaliated against him, this claim also will be dismissed.   *See Large v. Beckham Cnty. Dist. Court*, No. 14-6011, slip ord. (10th Cir. Mar. 18, 2014) (affirming dismissal for, *inter alia*, "failure to name individual defendants who personally participated in the alleged deprivations.")

*Phillips v. Tiona*, 508 F. App'x at 744.   The Court will dismiss Plaintiff's claims against all Defendants except Walden.

<u>II. Motion to dismiss</u>

In its motion to dismiss (as joined in by remaining Defendant Walden), Defendant Corizon asserts that "on its face, the Complaint is barred by the applicable statute of limitations" and asks the Court to dismiss the complaint.   As pertinent to the motion to dismiss, the complaint states that the incident in question occurred on September 22, 2010.   Plaintiff filed his complaint three years and four days later, on September 26, 2013.   The limitations period that applies to Plaintiff's claims is three years.   *See Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984), *aff'd*, 471 U.S. 261, 280 (1985); N.M. Stat. Ann. § 37-1-8 (Repl. Pamp. 1990).

Also in his complaint, Plaintiff states that he began pursuing administrative relief for his claims on March 26, 2013, by submitting "the required informal complaint"; a "required inmate grievance" on April 6, 2013; a "Departmental Appeal" from the grievance on May 10, 2013; and a letter to grievance officers on July 22, 2013, regarding officials' refusal to respond to his submissions.   These allegations raise the question whether the limitations period may have been tolled and thus did not expire until after Plaintiff filed his complaint.

As the United States Court of Appeals for the Tenth Circuit has noted, "[I]n a § 1983 suit, state tolling rules, not federal ones, apply," *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007) (citation omitted), and in New Mexico the limitations period applicable to a prisoner's claim may be tolled in either of two ways.   *See id.*   First, equitable tolling is available where circumstances beyond the prisoner's control prevent filing of the claim.   *See id.*; *Ocana v. American Furniture Co.*, 91 P.3d 58, 66 (2004).   Second, statutory tolling extends the limitations

4

period where, *inter alia*, a prisoner attempts to exhaust mandatory administrative remedies.   *See Roberts v. Barreras*, 484 F.3d at 1242; N.M. Stat. Ann. § 37-1-12 (Repl. Pamp. 1990).

If Plaintiff's pursuit of administrative relief resulted in statutory tolling, *see Roberts*, 484 F.3d at 1241, ruling on the timeliness of his complaint does not rest on application of the "prison mailbox rule," as asserted by the parties, but on a preliminary determination of whether the limitations period expired before September 26, 2013.   At a minimum, the Court would have to decide the fact question of whether Plaintiff timely undertook his exhaustion efforts and, if not, whether tolling occurred nonetheless.

These factual matters are clearly outside the pleadings and may not be resolved on a motion to dismiss.   *See Borde v. Bd. of Cnty Comm'rs of Luna County, N.M.*, 514 F. App'x 795, 799 (10th Cir. 2013).   As the Court of Appeals for the Tenth Circuit has stated, "although a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.' "   *Radloff-Francis v. Wyoming Medical Center*, 524 F. App'x 411, 413 (10th Cir. 2013) (quoting *Aldrich v.McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)).   The allegations and dates in Plaintiff's complaint do not provide sufficient clarity for an accurate timeliness analysis under rule 12(b)(6), *see Aldrich*, 627 F.2d at 1041 n.4, and the Court must deny the motion to dismiss, *see Roberts*, 484 F.3d at 1244 (remanding for factual development of timeliness question).

## III. Default judgment

Plaintiff filed a motion for default judgment against Defendants Marcantel and Roark.   In light of the dismissal of Plaintiff's claims against these Defendants, the motion for default judgment and accompanying request for hearing will be denied as moot.   *Cf.* 42 U.S.C.

§ 1997e(g)(1) ("Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility. . . .  No relief shall be granted to the plaintiff unless a reply has been filed.")

IT IS THEREFORE ORDERED that Plaintiff is GRANTED leave to proceed under 28 U.S.C. § 1915;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Marcantel, Roark, Bravo, Ulibarri, The GEO Group, Corizon (Medical Corporation), Aragon, Rael, and Sena are DISMISSED; and Defendants Marcantel, Roark, Bravo, Ulibarri, The GEO Group, Corizon (Medical Corporation), Aragon, Rael, and Sena are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment (Doc. 31) and the accompanying Request for Hearing (Doc. 30) are DENIED as moot;

IT IS FURTHER ORDERED that Defendant Corizon Motion to Dismiss the complaint as barred by the statute of limitations (Doc. 4) filed on October 28, 2013, is DENIED.

_____
UNITED STATES DISTRICT JUDGE