IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BEAU J. MUSACCO,

    Plaintiff,

v.                                                              CIV 13-1053 MV/KBM

DR. MARK ELLIOT WALDEN,

    Defendant.

## ORDER

    THIS MATTER is before the Court following briefing on the effect of Defendant Walden's discharge in bankruptcy court on this suit to recover damages for personal injury. The Court agrees with Defendant that "the extent to which Plaintiff was represented by Ms. Curry and the timing of the representation are critical to determination on the applicability of the discharge in this case" and that "discovery is needed to determine if Defendant's bankruptcy discharge enjoins Plaintiff's action pursuant to 11 U.S.C. § 524 and § 523(a)(3)." *Doc.53*.

    The need for such discovery, however, is complicated by the fact that the incarcerated Plaintiff appears pro se. Plaintiff has twice requested the appointment of an attorney in this case. Although he is not entitled to the appointment of counsel in this civil action, the Court must consider several factors when a pro se litigant request appointment of counsel in determining whether to refer a case pursuant to 28 U.S.C. § 1915(e)(1) for voluntary assistance of counsel. Those factors include "'the merits of

this litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).  Having performed that inquiry, the Court finds that an attorney's participation on behalf of Plaintiff could assist the Court and parties in accomplishing that needed discovery.

Wherefore,

IT IS HEREBY ORDERED that Plaintiff's Motions for appointment of counsel *(Docs. 8 & 37)* are granted as follows.  This matter is referred to this district's committee which considers requests for pro bono representation in civil cases with the understanding that the Court may be willing to permit entry of an appearance for limited purposes as contemplated by Rule 83.4(c) of our local rules ("An attorney may not appear in a limited manner as provided in N.M.R. PROF'L CONDUCT 16-303(E) except by Court order.").

IT IS FURTHER ORDERED that Plaintiff's other pending motions, *Docs. 38 & 39,* are denied at this time without prejudice.

                                                                            _____
                                                                            UNITED STATES CHIEF MAGISTRATE JUDGE