IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BEAU MUSACCO,

        Plaintiff,

vs.                                                                    Cause No. 1:13-cv-1053 MV/KBM

DR. MARK ELLIOT WALDEN,

        Defendant.

### MUSACCO'S SUPPLEMENTAL BRIEF
### REGARDING THE EFFECT OF WALDEN'S BANKRUPTCY
### ON MUSACCO'S CLAIMS

COMES NOW Plaintiff, Beau Musacco ("Musacco"), and submits the following brief in compliance with this Court's Order, Nov. 6, 2015 requiring Musacco to "file a supplemental brief on the effect of Walden's bankruptcy" by January 6, 2016. Doc 71, *Order Denying Motion for Settlement Conference*, at p. 6.

### INTRODUCTION

Walden's bankruptcy has no effect on Musacco's claims at this stage in the proceedings. First, Defendant Walden has not filed any motion to dismiss or summary judgment asserting that this case should be disposed of by the bankruptcy. Secondly, even if Defendant Walden did file such a motion, it would fail as a matter of law, because a) Musacco's claims against Walden that, if meritorious, would be paid by Walden's insurance are not subject to discharge in bankruptcy, and b) Musacco's claims against Walden's personal assets must be permitted to proceed until it is possible to determine whether such claims are non-dischargeable (this analysis requires a review of the exception to discharge of unscheduled debts arising from "willful and malicious injury" of which the creditor had no actual notice in Bankruptcy Court in time to timely file an objection to dischargeability). Consequently, all of Musacco's claims must be permitted to proceed, notwithstanding Walden's bankruptcy.

After this case is disposed of on the merits, this Court will proceed under concurrent jurisdiction with the Bankruptcy Court to determine whether such debt by Walden owed to Musacco is non-dischargeable under the exception described above, 11 U.S.C.A. 523(a)(3)(B), and this Court may make such a determination itself, *or* may make findings of fact on the issue to aid the Bankruptcy Court in making such a determination.

## DISCUSSION

I. **MUSACCO'S CLAIMS AGAINST WALDEN TO BE PAID BY WALDEN'S LIABILITY INSURANCE PROCEEDS ARE NOT SUBJECT TO DISCHARGE.**

As Walden has conceded, Musacco's claims are not barred by Walden's bankruptcy or subsequent discharge insofar as they seek to recover damages from Walden's insurance company. [Doc. 49, *Walden's Brief on Bankruptcy Discharge*, at p. 6] ("Nevertheless, at the time of the claims at issue Dr. Walden was insured for acts of medical negligence. This insurance is not affected by the bankruptcy or the subsequent discharge."). This is a correct statement of the law. A lawsuit against a debtor is not barred by discharge insofar as the suit seeks to establish the debtor's liability in order to recover from third parties, such as insurers. See, e.g., In re Peterson, 118 B.R. 801, 803 (Bankr. D.N.M. 1990) ("The injunction provided by § 524 is not a bar to the [creditor] from proceeding against the debtor to establish his liability and then to proceed against the insurer, provided that the debtor shall have no personal liability for the payment of any judgment rendered against him in that action."). This is because "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." Id., quoting 11 U.S.C.A. 524(e). Therefore, Plaintiff's suit must be permitted to proceed in order to establish Walden's liability and proceed against his insurer.

II. **MUSACCO'S CLAIMS FOR WILLFUL AND MALICIOUS CONDUCT AGAINST WALDEN'S PERSONAL ASSETS MUST BE PERMITTED TO PROCEED UNTIL A DETERMINATION CAN BE MADE AS TO THEIR DISCHARGEABILITY.**

Discharge in Bankruptcy operates as an injunction against the continuation of an action as to debts that have been discharged unless debt is specifically excepted like the debt Musacco advances is owed him by Walden. 11 U.S.C.A. 524(a)(2) ("A discharge in a case under this title—operates as an injunction against the … continuation of an action …"). Of the number of exceptions to discharge, enumerated at 11 U.S.C.A. 523, the relevant provision here is 11 U.S.C.A. 523(a)(3)(B), which excepts debts:

> **(3)** neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit-- **(B)** if such debt is of a kind specified in paragraph (2), (4), or (6)[1] of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

11 U.S.C.A. § 523 (a)(3)(b).

To analyze Musacco's claims against Walden, the Court must consider the three elements of the (a)(3)(B) exception, with particular attention to the claim of a kind specified in (a)(6):

> (1) [Creditor's] claim was not listed by the defendant in [debtor's] petition, (2) he did not have notice nor actual knowledge of the case in time for timely filing of his claim, and (3) the debt is for the willful and malicious injury by the debtor to another or another's property.

Kresmery v. Serv. Am. Corp., 227 B.R. 10, 15 (D. Conn. 1998).

The first element is a matter of record. Infra, at 4. As to the second element, it is Walden, the debtor, who bears the burden of establishing Musacco had actual knowledge of Walden's bankruptcy filing in time for Musacco to both file a proof of claim *and* request a determination of dischargeability; as to the third element, Musacco, the creditor, has the burden of establishing the debt is for "willful and malicious injury." In re Haga, 131 B.R. 320, 327 (Bankr. W.D. Tex. 1991).

The first two of these elements have already been resolved in Musacco's favor. As to the first element, Musacco's claim was not listed on Walden's petition. Exhibit A, *Notice of*

---

[1] Paragraph (6), applicable here, excepts from discharge debts "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C.A. § 523 (a)(6).

*Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines* [Bankruptcy Case Doc. 57] at p. 3. As to the second element, Musacco had neither notice nor actual knowledge of the case for timely filing of the claim. Exhibit B, *Affidavit of Beau Musacco, December 23, 2015*, at ¶ 2. The deadline for creditors to object to Defendant's discharge in Bankruptcy was October 7, 2013. Id., at p. 1. It is not – and cannot be – disputed that Musacco did not learn of Walden's bankruptcy until November 2013, when Plaintiff filed his Suggestion of Bankruptcy, and mailed it to Musacco in a letter dated October 29, 2013. Exhibit B at ¶ 2; Doc 49-1, *Letter from Walden's attorney forwarding Suggestion of Bankruptcy*. Walden sought further discovery on this issue, and Musacco complied. Doc. 72, *Certificate of Service for Plaintiff's Responses to Dr. Walden's Interrogatories & Requests for Production*; Exhibit C, *Plaintiff's Response to Dr. Walden's Interrogatories & Requests for Production*. The discovery period on this issue ended December 9, 2015. Doc. 71, *Order, November 6, 2014*. The evidence is undisputed: Musacco did not learn of the bankruptcy until well past the October 7, 2013 deadline for timely filing a claim. Consequently, the second element is satisfied in favor of Musacco.

While the first two elements have been resolved in Musacco's favor, the last element, probing whether the debt is for willful and malicious injury, is more fact-intensive. Courts dispose of the third element in a variety of ways. Cases are dismissed where the complaint fails to allege facts which, if true, would establish the "willful and malicious injury" exception. Kresmery v. Serv. Am. Corp., 227 B.R. 10, 14 (D. Conn. 1998) (granting motion to dismiss because complaint failed to allege facts sufficient to fall within an exception from discharge). Alternatively, courts entertain motions for summary judgment on the issue of dischargeability following discovery. Zachery v. Whalen, No. 93-CV-36, 1994 WL 411526, at *8 (N.D.N.Y. July 26, 1994) (granting summary judgment because Plaintiff failed to present any evidence placing claims within exception from discharge).

Walden, however, has not filed either a motion to dismiss or a motion for summary judgment on this issue. Moreover, even either of these types of motions would fail at this point in the proceedings, because Musacco has pled facts amounting to willful and malicious injury,

4

Case 1:13-cv-01053-MV-KBM   Document 74   Filed 01/06/16   Page 5 of 7

and the parties have not yet conducted any discovery on the substantive claims.  See Doc 1-1, Complaint, at ¶ 21 (alleging sexual assault); see generally Docket (no discovery performed on substantive claims).

Because the issue of dischargeability cannot be resolved by motion to dismiss or motion for summary judgment, the case must be permitted to proceed.  As the Federal District Court, District of Washington D.C., explained in BCCI Holdings (Luxembourg), S.A. v. Clifford, a lawsuit must be permitted to proceed where the nondischargeability of the debt depends on the merits of the plaintiff's claims:

> While the bankruptcy court does not have exclusive jurisdiction to determine the dischargeability of Stovall's debts, neither does 11 U.S.C. § 524(a) bar the instant suit to determine Stovall's liability. The purpose of the litigation bar under § 524 was to end the harassment of discharged debtors by prohibiting creditors from attempting to collect *debts* in state courts. *Houghton v. Foremost Financial Serv. Corp.,* 724 F.2d 112, 116 (10th Cir.1983); *see* 3 *Collier on Bankruptcy* ¶ 524.01[2], at 524–11 to 524–16. This provision does not preclude a federal court from hearing a matter involving *liability* for a debtor's alleged breach of fiduciary duty, particularly where issues arise that are properly decided by an Article III court. *See In re American Solar King,* 92 B.R. at 209; *see also In re Horton,* 87 B.R. 650, 652 (Bankr.D.Colo.1987) ("Simply stated, the discharge under § 524 extinguishes the debt, not the liability"). Of course, if the debt has not been discharged, there is no bar to litigation. *Collier on Bankruptcy* ¶ 524.02, at 524–16. And, here, the nondischargeability of any debt under 11 U.S.C. § 523(a)(2), (a)(4) would turn on the merits of the plaintiffs' claims. The merits of such claims are properly resolved in this Court, not in a bankruptcy court. Stovall's motion [to dismiss] will be denied.

IBCCI Holdings (Luxembourg), S.A. v. Clifford, 964 F. Supp. 468, 485 (D.D.C. 1997).

After the case has been decided on the merits, this Court will retain concurrent jurisdiction with the Bankruptcy Court to determine whether the damages are nondischargeable under 523 (a)(3)(B).[2]  As stated above, this Court may choose to exercise its jurisdiction upon

---

[2] The Federal District Courts have concurrent jurisdiction with the Bankruptcy Court to determine dischargeability under (a)(3)(B), while the Bankruptcy Court has exclusive jurisdiction to determine dischargeability under (a)(6).  *See* In re Haga, 131 B.R. 320, 326 (Bankr. W.D. Tex. 1991) ("jurisdiction is not exclusive for actions brought under § 523(a)(3) because the bankruptcy court shares concurrent jurisdiction with other forums to try such claims", and contrasting Bankruptcy Court's exclusive jurisdiction over (a)(6) determination); *see also,* In re Bowen, 102 B.R. 752, 754 (9th Cir.B.A.P.1989) ("[T]he bankruptcy court has concurrent, but not exclusive, jurisdiction for § 523(a)(3) actions."); In re Dabbs, 72 B.R. at 74 & n. 7 (Concurrent jurisdiction is based on 28 U.S.C. § 1334(b).); *See also* In re Eastburg, 440 B.R. 851, 861 (Bankr. D.N.M. 2010) *aff'd on other grounds*, 447 B.R. 624 (B.A.P. 10th Cir. 2011) ("Although bankruptcy courts have exclusive jurisdiction to determine whether a debt is

proper motion by a party to determine dischargeability, or the Court may decline to exercise jurisdiction, and simply enter findings of fact to aid the Bankruptcy Court in ruling on the matter. In either case, the liability portion of this case must proceed.

## CONCLUSION

Walden's bankruptcy has no effect on Musacco's claims at this stage in the proceedings. Walden has not filed any motions to dismiss and/or for summary judgment on the merits, and, even if he had, absent discovery and in loight of the standard governing Rule 12 motions, it is likely such a motion(s) would fail as a matter of law. Following trial, the Court will have concurrent jurisdiction with the Bankruptcy Court to determine whether any damages awarded at trial are nondischargeable under 11 U.S.C.A. 523(a)(3), and it is proper for this Court to await such time to consider the impact of bankruptcy on Walden's potential liability.

Respectfully submitted,

**MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.**

By: */s/ Andrew B. Indahl*
    Samantha M. Adams
    Andrew B. Indahl
    Post Office Box 2168
    Bank of America Centre
    500 Fourth Street NW, Suite 1000
    Albuquerque, New Mexico  87103-2168
    Telephone: 505-848-1800
    *Attorneys for Plaintiff*

---

nondischargeable under 11 U.S.C. § 523(a)(2), (4) or (6), bankruptcy courts and state courts have concurrent jurisdiction to adjudicate claims arising under applicable non-bankruptcy law.").

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on 06 January 2016, we filed the foregoing electronically through the CM-ECF system, which caused all parties or counsel to be served by electronic means.

    Nicole M. Charlebois, Nicole@cclawnm.com
    Attorney for Defendant Dr. Mark E. Walden

    Norman F. Weiss, Esq., nweiss@srw-law.com
    Attorneys for Defendants Corizon, Inc. and Sherry Phillips

    Patrick D. Allen, Esq., pallen@ylawfirm.com
    Michael S. Jahner, Esq., mjahner@ylawfirm.com
    Attorneys for The GEO Group, Inc., Warden Timothy B. Hatch,
    And Warden Erasmo Bravo

By: */s/ Andrew B. Indahl*
    Andrew B. Indahl