IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BEAU MUSACCO,

    Plaintiff,

    v.                                                        CIV 13-1053 MV/KBM

DR. MARK ELLIOT WALDEN, et al.

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    THIS MATTER comes before the Court following Supplemental Briefs filed by the parties regarding the effect of Defendant Dr. Mark Elliot Walden's ("Defendant Walden's") bankruptcy on Plaintiff's claims. *See Docs. 74, 75, 82*. In addition to the Supplement Briefs filed at the direction of the Court, Plaintiff also filed an Opposed Motion for Leave to File a Reply Brief to Dr. Walden's Supplemental Response Brief Regarding Effect of Bankruptcy Discharge Injunction (*Doc. 76*), which the Court granted after full briefing (*Doc. 81*). Plaintiff filed his Reply on March 24, 2016 (*Doc. 82*), which the Court considers in addition to parties' Supplemental Briefs.

    The Honorable Martha Vazquez referred this matter to me on December 6, 2013, to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. *Doc. 13.* Having now considered all of the parties' briefs, exhibits and relevant law, and being otherwise fully informed, I recommend that

Plaintiff's claims proceed to a determination on the merits notwithstanding the discharge granted to Defendant Walden under 11 U.S.C. § 727 by the United States Bankruptcy Court for the District of New Mexico.

## I.     BACKGROUND

On May 9, 2014, this Court ordered briefing by the parties on the issue of whether and to what extent Plaintiff's claims could be adjudicated given Defendant Walden's bankruptcy discharge. *Doc. 48*. Plaintiff, who was appearing *pro se* at the time, submitted briefs on June 6, 2014, and June 10, 2014, and Defendant Walden submitted briefs on May 22, 2014, and June 18, 2014. *Docs. 49, 51, 52, 53*. In his June 18, 2014 brief, Defendant Walden asserted that certain discovery was necessary to determine whether his bankruptcy in fact discharged Plaintiff's claims. *Doc. 53* at 1. More particularly, he maintained that discovery was required as to Plaintiff's notice of Defendant Walden's bankruptcy and the extent of his prior attorney-client relationship with attorney Katie Curry. *Id*.

The Court appointed *pro bono* counsel for Plaintiff "for the limited purpose of representing Plaintiff in conducting discovery on, and arguing the question of, the effect of Defendant's bankruptcy discharge on Plaintiff's action." *Doc. 57*. Then, after a period of informal negotiations, the Court ordered the parties to exchange discovery on the limited issue of Plaintiff's notice of Defendant Walden's bankruptcy and to submit supplemental briefing, which is now before the Court.  *See Doc. 71* at 5-6.

## II. ANALYSIS

Defendant Walden maintains that continuation of this case, at least as to his personal liability, is a violation of the Bankruptcy Court's January 22, 2014 discharge, which operated as an injunction against the continuation of any action to recover debt as a personal liability. *Doc. 75* at 2-3. He insists that Plaintiff's claims are not excepted from discharge under 11 U.S.C. § 523, because Plaintiff failed to file a timely nondischargeability complaint despite actual knowledge of the bankruptcy. *Id.* at 4-5. Plaintiff, on the other hand, contends that his claims against Defendant Walden must proceed to a determination of their merits and that, if meritorious, a determination can then be made as to their dischargeability. *See Doc. 74* at 1.

### A. Claims Against Defendant Walden's Insurer

The parties appear to agree that Plaintiff's claims are not barred by Defendant Walden's bankruptcy discharge insofar as they aim to recover damages from Defendant Walden's insurer. *See Doc. 74* at 2; *Doc. 49* at 6. Notably, 11 U.S.C. § 524(e) provides that "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." *Id.* According to the Tenth Circuit Court of Appeals, "[i]t is well established that [§ 524(e)] permits a creditor to bring or continue an action directly against the debtor for the purpose of establishing the debtor's liability when . . . establishment of that liability is a prerequisite to recover from another entity." *In re Walker*, 927 F.2d 1138, 1142 (10th Cir. 1991).

3

In short, the Court concurs that to the extent Plaintiff's claims against Defendant Walden are made for the purposes of establishing his liability in order to recover from his insurer, those claims should proceed. *See In re Peterson*, 118 B.R. 801 (Bankr. D.N.M. 1990) (holding that the discharge injunction did not bar the FDIC from proceeding against the debtor in order to establish the debtor's liability so as to allow the FDIC to proceed against the debtor's insurer).

**B.   Exceptions to Dischargeability under §§ 523(a)(3)(B) & 523(a)(6)**

Broadly speaking, a creditor has only a "limited window of time in which to challenge the dischargeability" of debt. *In re Perle*, 725 F.3d 1023, 1025 (9th Cir. 2013). Sometimes the "window stays open," however, if the creditor does not receive adequate notice of the bankruptcy. *Id.* Here, Plaintiff contends that the window for determining dischargeability of any damages awarded in this case should remain open because he was unaware, until November 2013, that Defendant Walden had petitioned for bankruptcy.

Defendant Walden, in contrast, maintains that his January 22, 2014 bankruptcy discharge operates as an injunction against the continuation of Plaintiff's claims to the extent that Plaintiff seeks recovery of his personal assets. While a discharge in bankruptcy does usually operate as an injunction against the continuation of an action, 11 U.S.C. § 254(a)(2), there are certain statutory exceptions. For instance, debts for "willful and malicious injury by the debtor to another entity," which are not listed or scheduled in time to permit the timely filing of a proof of claim and the timely request for determination of dischargeability, are nondischargeable unless the creditor "had actual notice or actual knowledge

4

of the case in time for such timely filing and request."[1]  11 U.S.C. § 523(a)(3)(B) and § 523(a)(6). Thus, in order to ascertain the dischargability of any damages awarded on Plaintiff's claims under § 523(a)(3)(B) and § 523(a)(6), the Court must consider: 1) whether Plaintiff's claims were listed in Defendant Walden's bankruptcy petition; 2) whether Plaintiff had notice or actual knowledge of Defendant Walden's bankruptcy in time for timely filing of his claim; and 3) whether the debt is for willful and malicious injury.  *See Kresmery v. Serv. Am. Corp.*, 227 B.R. 10, 15 (D. Conn. 1998).

There is no dispute that Plaintiff's claims against Defendant Walden were not listed by Defendant Walden in his bankruptcy petition. *See Doc. 74*, Ex. A, at 3; *Doc. 74* at 3. Thus, the first element is easily resolved in Plaintiff's favor. A determination as to the two remaining elements is not as straightforward, however.

With respect to the second element, Plaintiff insists that he did not have notice or actual knowledge of Defendant Walden's bankruptcy filing in time to file a proof of claim and to request a determination of dischargeability. *Doc. 74* at 4. Defendant Walden submits, in contrast, that Plaintiff had imputed, actual knowledge of his bankruptcy by at least May 9, 2013, "when his [former attorney] personally attended the meeting of creditors in the case on behalf of other clients alleging bankruptcy claims against Walden." *Doc. 75* at 7. Defendant Walden

---

[1] Section 523(a)(3)(B) excepts from discharge certain debts, including those "of a kind specified in paragraph (6)" unless the creditor had "notice or actual knowledge" of the bankruptcy in time to timely file a proof of claim and request a determination of dischargeability. § 523(a)(3)(B). Section 523(a)(6), in turn, excepts from discharge debts "for willful and malicious injury by the debtor to another entity or to the property of another entity." § 523(a)(6).

5

bears the burden as to this element. *See In re Haga*, 131 B.R. 320, 327 (Bankr. W.D. Tex. 1991) (noting that "the debtor has the burden to show that the creditor . . . had notice or actual knowledge of the case in time to file a proof of claim and request for a determination of dischargeability").

In his affidavit, Plaintiff states that that he "did not learn about Dr. Mark Waldens [sic] bankruptcy proceeding until [he] received the Notice of Suggestion of Bankruptcy in November, 2013." *Doc. 74,* Ex. B, at ¶ 2. A letter from Defendant Walden's counsel to Plaintiff suggests that a Notice of Suggestion of Bankruptcy was mailed to Plaintiff on October 29, 2013. *See Doc. 49*, Ex. 1. By then, however, the October 7, 2013 deadline for creditors to object to Defendant Walden's discharge in bankruptcy had already come and gone. *See Doc. 74*, Ex. A, at 1. Although the Bankruptcy Court may extend the deadline for cause, a motion to do so must be filed before the expiration of the deadline. Fed. R. Bankr. P. 4007(c).

Defendant Walden maintains that Plaintiff's former attorney, Ms. Curry, had knowledge of his bankruptcy in the months before the October 7, 2013 deadline, which must be imputed to Plaintiff. *Doc. 75* at 2. He insists that, once imputed, Ms. Curry's knowledge of the bankruptcy is sufficient to place Plaintiff's claims outside the operation of the § 523(a)(3)(B) exception to discharge. Relying principally on *In re Schicke*, 290 B.R. 792 (B.A.P. 10th Cir. 2003), *aff'd* 97 F. App'x 249 (10th Cir. 2004), Defendant Walden submits that "[i]n the Tenth Circuit, an attorney's knowledge of a bankruptcy is imputed to the client and satisfies the actual knowledge requirement." *Doc. 75* at 2. But Defendant

6

Walden's position as to the imputation of knowledge to Plaintiff is oversimplified and unsupported by Tenth Circuit law.

In *Schicke*, the Bankruptcy Appellate Panel ("BAP") of the Tenth Circuit considered whether it was proper for the debtor to schedule a creditor in care of its attorney for purposes of providing notice, where the attorney was the creditor's agent in matters related to the bankruptcy debt. *Schicke*, 290 B.R. at 801. Critically, the court did not reach the issue of the imputation of an attorney's knowledge of a bankruptcy to an unscheduled creditor-client. *See id.* ("This case involves the debtor's duty to property schedule CPCA in his Chapter 7 case to provide CPCA formal notice, not whether CPCA had actual knowledge of the case."). Given Defendant Walden's failure to schedule Plaintiff as a creditor or to provide timely formal notice of his bankruptcy to Plaintiff in care of his former attorney, *Schicke* is simply inapposite.

Likewise, *In re Green*, 876 F.2d 854 (10th Cir. 1989), another case on which Defendant Walden relies, is distinguishable. Although the creditor in *Green* was not separately scheduled, in contrast to the creditor in *Schicke*, there was no dispute that it received actual notice of the bankruptcy filing and the bar date prior to the deadline for filing complaints to determine dischargeability. *Id.* at 855. Indeed, the creditor's general partner testified at a hearing in bankruptcy court that he received copies of the debtor's bankruptcy papers from his attorney in advance of the bar date. *Id.* Here, Plaintiff denies receiving any notice of Defendant Walden's Bankruptcy from his former counsel. *Doc. 74-1* (Exh. B).

7

Although not cited by Plaintiff, the Bankruptcy Court for the District of New Mexico addressed the issue of imputing the attorney's knowledge of bankruptcy proceedings to his creditor-client in *In re Silver*, 107 B.R. 328 (Bankr. D.N.M. 1989). The Bankruptcy Court determined that the attorney's actual knowledge of the bankruptcy proceedings was sufficient to preclude a nondischargeability determination under § 523(a)(3)(B) because that knowledge could be imputed to his client, which was an unscheduled creditor. The court reasoned that "[n]otice to a creditor's attorney of a bankruptcy filing is usually sufficient if the attorney received knowledge of it while representing his client in enforcing a claim against the bankrupt." *Id.* at 329 (internal citations omitted).

While *Silver* might, at first blush, seem to support the imputation of knowledge to Plaintiff, certain factual nuances make it distinguishable. Most notably, the attorney in *Silver* represented the creditor in the bankruptcy proceedings themselves, entering his appearance and requesting notice on behalf of his creditor-client. *Id.* at 329. The court concluded that the attorney's knowledge could be imputed to the creditor-client, because the attorney, after entering his appearance in the bankruptcy case on behalf of the creditor-client, should have taken action to insure that his client received notice of all important dates and deadlines related to the bankruptcy proceedings despite its exclusion from the debtor's schedules. *Id.* at 331. In contrast, there is no contention here that Plaintiff's former counsel ever entered her appearance on Plaintiff's behalf in Defendant Walden's bankruptcy proceedings or that she requested to receive notice of bankruptcy proceedings and deadlines on his behalf.

Plaintiff contends that even if his former attorney had knowledge of Defendant Walden's bankruptcy, it may not be imputed to him under the circumstances here. *Doc. 82* at 3. First, he notes that Defendant Walden has conceded that any knowledge by his former attorney was obtained through her representation of other clients. *Id.* Further, he submits that Defendant Walden has failed to offer any evidence that his former attorney conveyed the fact of Defendant Walden's bankruptcy to him or that she learned of the bankruptcy through her representation of him. *Id.* Citing persuasive authority from the Third and Ninth Circuits, Plaintiff argues that case law does not support the imputation of any knowledge of Defendant Walden's bankruptcy gained by Plaintiff's counsel.

First, in *Maldonado v. Ramirez*, 757 F.2d 48 (3d Cir. 1985), the Third Circuit refused to impute an attorney's notice of a bankruptcy to a creditor-client, where the notice was provided to the attorney on behalf of another entity that he represented. *Id.* at 51. The court reasoned that "an attorney given notice of [a] bankruptcy on behalf of a particular client is not called upon to review all of his or her files to ascertain whether any other client may also have a claim against the bankrupt." *Id.* at 51.

Similarly, in *In re Perle*, 725 F.3d 1023, 1028 (9th Cir. 2013), the Ninth Circuit was unwilling to impute to a creditor a former attorney's knowledge of a bankruptcy, where the attorney learned of the bankruptcy during his representation of another client and no longer represented the creditor in relation

to the debt at issue, though he did represent the creditor on other matters. *Id*. at 1028. The court explained that it was unable to find any case imputing to a client knowledge that his attorney gained while representing a different client. *Id*.

In addition to *Maldonado* and *Perle*, Plaintiff also refers the Court to decisions by two lower courts: *In re Greater Southeast Community Hospital Corporation I*, 324 B.R. 162 (Bankr. D.D.C. 2005) and *Jarreau-Griffin v. City of Vallejo*, 531 B.R. 829, 833 (E.D. Cal. 2015). In *Greater Southeast Community Hospital*, the Bankruptcy Court for the District of D.C. determined that a bankruptcy notice provided to a law firm was not reasonably calculated to put the creditor-client on notice of the bankruptcy, where it was addressed to the firm and not to any client care of the firm. *In re Greater Se. Cmty Hosp. Corp. I*, 324 B.R. at 163-64. In *Jarreau-Griffin*, the case that is perhaps most analogous to the instant case, the plaintiff asserted claims arising under 42 U.S.C. § 1983 against a defendant which had petitioned for bankruptcy but had not scheduled or notified her of the bankruptcy proceedings. *Jarreau-Griffin*, 831 B.R. at 830-32. Relying upon the Ninth Circuit's rationale in *Perle* and drawing inferences in favor of the creditor-plaintiff, the court determined that the debtor had not met its burden to show that the creditor-plaintiff had actual or imputed notice of the bankruptcy, even though the plaintiff's former attorney had actual knowledge of the bankruptcy through his representation of other clients. *Id.* at 833.

*Schick, Greene*, and *Silver* being distinguishable, the Court is persuaded by the rationales of the courts in *Maldonado*, *Perle*, *Greater Southeast Community Hospital Corporation*, and *Jarreau-Griffin*. Absent any evidence that

10

Plaintiff himself knew of Defendant Walden's bankruptcy prior to the deadline for nondischargeability complaints or that Plaintiff's former counsel learned of the bankruptcy in connection with her representation of Plaintiff, as opposed to other clients, the Court is unwilling to impute any knowledge by Plaintiff's former counsel to Plaintiff. In other words, because Ms. Curry learned of Defendant Walden's bankruptcy through her representation of other clients, her knowledge has no bearing on the dischargeability of Plaintiff's claims.

With respect to the third element, Plaintiff has the burden of establishing that the debt is for "willful and malicious injury." *See In re Haga*, 131 B.R. 320, 327 (Bankr. W.D. Tex. 1991). Plaintiff describes this final element as "fact-intensive," *Doc. 74* at 4, and contends for purposes of this stage of the litigation that he has pled facts that amount to willful and malicious injury by Defendant Walden. *Id.* at 5. He notes that the parties have not yet had an opportunity to conduct discovery on the substantive claims. *Id.* According to Plaintiff, his case must proceed because the dischargeability of any damages awarded on his claims turns, in part, on their merit. *Id.* at 5.

In *BCCI Holdings (Luxembourg), S.A. v. Clifford*, 964 F. Supp. 468 (D.C. 1997), the District of D.C. reasoned that a discharge under § 524 extinguishes debt, not liability, such that when the nondischargeability of debt turns on the merits of a plaintiff's claims, the federal court is not precluded from determining liability for the debtor's actions. *Id.* at 485. Plaintiff insists that the liability portion of this case must proceed to discovery and to a determination on the merits

before the ultimate determination of dischargeability can be made as to any debt owed by Defendant Walden to Plaintiff. *Doc. 74* at 6.

Defendant Walden does not address this third element, other than to concede that Plaintiff's claims, as pled, are for willful and malicious conduct. *Doc. 75* at 4. Defendant Walden's contention that Plaintiff's claims cannot move forward hinges on his position that knowledge of the bankruptcy by Plaintiff's former attorney should be imputed to him, which the Court has now rejected. Because Defendant Walden has not shown that Plaintiff had notice or actual knowledge of his bankruptcy in time to file a request for a determination of dischargeability, the Court is not convinced that any damages that may be awarded in this case are necessarily dischargeable. Accordingly, the Court recommends that Plaintiff's claims proceed to a liability determination. If Plaintiff establishes liability by Defendant Walden and a judgment is entered against him, the next step will presumably be for Plaintiff to seek a nondischargeability determination under § 523(a)(3).

Plaintiff has suggested that this Court may make a dischargeability determination under § 523(a)(3), or, alternatively, enter findings of fact to assist the Bankruptcy Court in making such a determination. *Doc. 74* at 5-6. According to Plaintiff, the Court has concurrent jurisdiction with the Bankruptcy Court to determine dischargeability under § 523(a)(3)(B). *Id.* at 5 n.2. Even so, the Bankruptcy Court has exclusive jurisdiction to determine dischargeability of debts under § 523(a)(6). *See id.*; *In re Haga*, 131 B.R. 320, 326 (Bankr. W.D. Tex. 1991). This matter, of course, involves both § 523(a)(3)(B) and § 523(a)(6), as

any liability by Defendant Walden only becomes nondischargeable under § 523 (a)(3)(B) if it is "of a kind specified in" § 523(a)(6) (i.e. for willful and malicious injury by the debtor). The Court declines to recommend the exercise of concurrent jurisdiction over a dischargeability determination at this juncture and will instead evaluate the best course of action if and when liability is established.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Plaintiff's claims against Defendant Walden proceed on their merits despite the discharge granted to Defendant Walden under 11 U.S.C. § 727 by the United States Bankruptcy Court on January 22, 2014 (*Doc. 43*, Ex. 2).

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE